Case 1:21-cv-00003   Document 35   Filed on 06/02/21 in TXSD   Page 1 of 11
United States District Court
Southern District of Texas
**ENTERED**
June 02, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JOSE SALVADOR FLORES, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:21-cv-3 |
| | § | |
| OMAR LUCIO, et al., | § | |
|     Defendants. | § | |

## AMENDED REPORT AND RECOMMENDATION
## OF THE MAGISTRATE JUDGE

    On September 10, 2020, Plaintiff Jose Salvador Flores filed a federal civil rights complaint against Cameron County Sheriff Omar Lucio, Commander Fermin Leal, Lieutenant Javier Mejia, Sergeant Alberto Lopez, Sergeant Ricardo Costilla, Jailer Mark Ortiz, Jailer "Unknown" Villalon, Sergeant Jose Ayala, Nurse Sonia Saldana, and Nurse Leonor Gutierrez (collectively "Defendants"). Dkt. No. 1. The case was originally filed in the McAllen Division of the Southern District of Texas and was transferred to this division on January 4, 2021.

    The Court has a statutory obligation to screen all civil rights complaints filed by prisoners. 28 U.S.C. § 1915A. After reviewing the record and the relevant case law, it is recommended that the petition be dismissed with prejudice to refiling until his underlying criminal conviction has been vacated. Flores's complaint raises serious issues, that would necessarily undermine a related criminal conviction. Until such time that Flores's conviction is overturned or otherwise called into question, his claims are not cognizable.

**I. Background**

    **A. Factual Background**

    During the events underlying his petition, Flores was a prisoner at the Carrizales-Rucker Detention Center in Olmito, Texas. Dkt. No. 1. He is now incarcerated at the Stevenson Unit in Cuero, Texas. The recitation of facts is taken solely from the complaint. See Curry v. Yachera, 835 F.3d 373, 377 (3d Cir. 2016) (When deciding if a § 1983 claim

is barred by a criminal conviction, the Court must "construe the complaint in the light most favorable to the plaintiff").

Flores alleges that on November 14, 2018, his prison dorm was searched for tattooing contraband because some inmates had fresh tattoos on their faces. Dkt. No. 1, p. 7. During this search, Flores's mattress was removed from his cell; the complaint does not state if Flores was suspected in assisting the tattooing in some fashion.

According to Flores, roughly 30 minutes after his mattress was removed, Flores was "called out" from his dorm to the "Sally Port area" to receive a new mattress. Dkt. No. 1, p. 7. When Flores arrived, Jailer Mark Ortiz informed Flores that Sergeant Ricardo Costilla had ordered him not to give Flores a new mattress. Id., pp. 7-8. When Flores responded that he needed one, Ortiz replied, "It's not my problem, go back inside the dorm." Id.

Again, according to Flores, he responded that he was not going to return to his dorm without a new mattress and placed his hands behind his back and lowered his head, as a sign of non-violent submission. Id. Ortiz told him, "Go back inside or I will put you inside." Flores responded that he was not returning to his dorm until he spoke with Costilla. Id.

Flores alleges that Ortiz grabbed one of Flores's arms and Flores "attempted to jerk away from him." Dkt. No. 1, p. 8. Ortiz grabbed Flores, slammed him to the concrete floor and placed his knee on Flores's head/neck area. Id. Another jailer, Villalon, handcuffed Flores; who was then jerked-up and dragged by his arms.[1]

According to Flores, during this time, Ortiz and Villalon punched Flores in the "face, head, neck, stomach, back, ribs and legs," while also stepping on his legs and ankles. Dkt. No. 1, p. 8.[2]

---

[1] Given the limitation imposed by Heck v. Humphrey, supra., the Court does not consider whether Flores's acts of disobedience justified the use of force by the guards.

[2] The Court notes, in passing, that the video did not show this event or any of the subsequent assaults alleged by Flores.

Flores also alleges that, while he was being transported to the infirmary, Ortiz placed his hand on Flores's head and slammed it into a cement wall with such force that Flores's teeth were loosened. Dkt. No. 1, p. 8.

As Flores was being led through the jail, Costilla, Lieutenant Javier Mejia, Sergeant Alberto Lopez, and Sergeant Jose Ayala were present in the hallway. Dkt. No. 1, pp. 8-9. Costilla asked Flores, "Que paso, Flores?" Id. Flores replied, "your guards beat me up because I wanted the mattress you said you told them to give me." Id. Costilla responded, "I didn't tell them to do that, I told them to give you a mattress. All this trouble over a mattress." Id. Flores said, "They are your guards, it's their fault." Id. Ortiz called Flores a "pussy." Id. According to Flores, when he turned his head to ask Ortiz why he called him that, Ortiz tightened the handcuffs while Villalon punched Flores between his eyes. Id. Flores alleges that he was "thrown onto the concrete floor" and that "all of the officers assaulted me." Id.

Finally, again according to Flores, Mejia said, "Leave him alone and take him to the infirmary." Dkt. No. 1, p. 9. Flores alleges that as Mejia and Costilla escorted Flores to the infirmary, Mejia said, "Flores, we are going to give you medical attention and take you back to the dorm. Nothing happened, do you understand? It was way too much trouble for a mattress." Id.

Flores responded, "I want pics taken of what was done to me. My teeth are loose. Look at my face, head and back. This isn't going to just be okay." Id. Mejia replied, "Why so much paperwork?" Id. Pictures were apparently taken of Flores's injuries. Id.

Flores alleges that Mejia ordered that Flores be placed in solitary confinement. Dkt. No. 1, p. 9. Flores was transferred to "Old County Jail" and placed in solitary confinement. Id. According to Flores, the next day, Flores's mother visited him and cried when she saw him. Id. His family complained about his injuries to the jail personnel. Id.

Flores alleges that Corporal Salinas went to Flores's cell to ask him why he told his family that he was beaten by the guards. Dkt. No. 1, p. 10. Flores alleges that when Salinas saw Flores, Salinas ordered that Flores receive medical attention. Id. When nurse Leonor Gutierrez saw Flores, he ordered that Flores be taken to the hospital. Id.

Flores claims that his teeth were loosened in the attack, that he has a "golf-ball sized" indentation in the back of his neck, suffers from severe headaches, blurred vision, wrist pain and weakness, black eyes, busted lips and bruising all over his body. Dkt. No. 1, p. 11.

After Flores returned to Carrizales-Rucker, Jailers Moreno and Solis informed him that no jail employees were going to be disciplined, but that Flores would be disciplined. Dkt. No. 1, p. 10.  When Flores asked why, given the jail employees initiated the assault, Flores was purportedly told, "we can't go against the county." Id.

Flores was charged with assault of a public servant against Ortiz. Dkt. No. 1, p. 10. State of Texas v. Flores, 2019-DCR-01031 (138th District Court).  Flores was advised to pled guilty, otherwise the State would seek a habitual offender sentencing enhancement. Dkt. No. 1, p. 10.  Flores did in fact plead guilty, and received a prison sentence of five years, which creates the procedural hurdle that he cannot currently overcome.

**B. Procedural History**

On September 10, 2020, Flores filed a prisoner civil rights complaint against the Defendants, seeking $300,000 in damages. Dkt. No. 1.  Flores has also filed several motions to proceed in forma pauperis. Dkt. Nos. 2, 9, 13, 15, 17.

On January 4, 2021, this case was transferred from the McAllen Division to the Brownsville Division, based upon the location of the facility at which the injuries allegedly occurred.  Dkt. No. 19.

On January 8, 2021, the undersigned issued a report and recommendation, which recommended that the case be dismissed without prejudice, based upon the application of Heck v. Humphrey, 512 U.S. 477, 487 (1994). Dkt. No. 20.

On April 5, 2021, the district judge remanded the report and recommendation to the undersigned and directed that the Court issue "… any necessary orders to obtain the relevant medical and disciplinary records and consider Flores's claims in light of Aucoin v. Cupil, 958 F.3d 379, 381 (5th Cir. 2020)." Dkt. No. 24.  On that same day, the Court ordered Cameron County to file a copy of Flores's jail records, including all medical records and disciplinary actions and video of the incident in question. Dkt. No. 26.

On April 30, 2021, Cameron County filed copies of the records, including a video of the incident. Dkt. No. 33. The video shows Flores actively resisting throughout the encounter, including pulling away from officers, refusing to be handcuffed and headbutting Ortiz.[3] Dkt. No. 33-2. The video was almost six minutes long and the events depicted were consistent with the written reports filed by the correctional officers. Id.

The Court notes that the medical records indicate that the jail nurse, immediately after the incident, "manually manipulated" his front tooth and said that there was "no looseness noted." Dkt. No. 33-2, p. 6. At the hospital, Flores underwent several exams to check for injuries. An x-ray was taken of his spine which indicated that he did not suffer any fractures. Dkt. No. 33-2, p. 17. An x-ray of his face showed no bone fractures. Dkt. No. 33-2, pp. 17-18. A CT-scan of his brain showed no intracranial bleeding. Id., p. 18. The hospital prescribed him ibuprofen and sent him back to the jail. Dkt. No. 33-2, p. 16.

## II. Applicable Law

### A. Section 1983

As relevant here, 42 U.S.C. 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Id.

Section 1983 is not itself a source of substantive rights, but instead is a method for vindicating federal rights elsewhere conferred by the United States Constitution and federal

---

[3] The Court notes, in passing, that the events shown in the video are inconsistent with the version of events pled by Flores in his complaint. The Court saw no acts of unnecessary violence and saw several correctional officers trying to subdue a prisoner who refused to obey their commands. Flores was pushed against a wall – at around the two-minute mark of the video – so that officers could place handcuffs on him. Furthermore, the video showed Flores, at the three-minute mark, shoving an officer against a wall.

statutes. Baker v. McCollan, 443 U.S. 137, 144, n. 3 (1979).  To prevail upon a §1983 claim, a plaintiff must establish two elements: (1) a constitutional violation; and (2) that the defendants were acting under color of state law when they committed the constitutional violation. Whitley v. Hanna, 726 F.3d 631, 638 (5th Cir. 2013).

    **B. Prison Litigation Reform Act**

Under the Prison Litigation Reform Act (PLRA), the Court shall "on its own motion or on the motion of a party dismiss any action filed by a prisoner if the action" fails to state a claim upon which relief can be granted. 42 U.S.C. 1997e(c)(1)-(2).  The PLRA applies to suits if the plaintiff was a prisoner at the time that the complaint was filed. Bernal v. Bexar Cty., 757 Fed. App'x. 316, 320 (5th Cir. 2018) (citing Janes v. Hernandez, 215 F.3d 541 (5th Cir. 2000)).  A prisoner is defined as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h).

The standard for dismissal for "failure to state a claim" under the PLRA is the same as the standard found in FED. R. CIV. P. 12(b)(6). Legate v. Livingston, 822 F.3d 207, 209 (5th Cir. 2016).

    **C. Rule 12(b)(6)**

Dismissal under Rule 12(b)(6) is appropriate when the plaintiff has failed to plead sufficient facts "to state a claim to relief that is plausible on its face." Ferguson v. Bank of New York Mellon Corp., 802 F.3d 777, 780 (5th Cir. 2015) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," then dismissal is proper. Id. at 679.  "[A] complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws." Shepherd on behalf of Estate of Shepherd v. City of Shreveport, 920 F.3d 278, 287

(5th Cir. 2019) (quoting Anderson v. U.S. Dep't of Hous. & Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008)).  This represents a change from the previous standard, which merely required a plaintiff to show that "any set of facts or any possible theory he may prove [would be] consistent with the [legal] allegations in the complaint." In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007).

"In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." Walker v. Beaumont Indep. Sch. Dist., 938 F.3d 724, 735 (5th Cir. 2019).  All well-pled facts must be viewed in the light most favorable to the plaintiff. Schweitzer v. Inv. Comm. of Phillips 66 Sav. Plan, 960 F.3d 190, 194 (5th Cir. 2020).

**D. Claim Preclusion**

A litigant's civil claim may not proceed if "a judgment in a plaintiff's favor would necessarily imply the invalidity of" an existing criminal conviction. Johnson v. Thibodaux City, 887 F.3d 726, 732 (5th Cir. 2018) (citing Heck v. Humphrey, 512 U.S. 477, 487 (1994)).  Thus, before any such claim can proceed, the plaintiff must show that "the conviction was reversed on direct appeal, expunged, declared invalid by an authorized state tribunal, or called into question by a federal writ of habeas corpus." Johnson, 887 F.3d at 732.

If the Court dismisses a complaint as not being cognizable under Heck, then the dismissal should be "with prejudice to their being asserted again until the Heck conditions are met." Cook v. City of Tyler, Texas, 974 F.3d 537, 539 (5th Cir. 2020).

This does not impact the statute of limitations for any claims.  If a claim is barred by Heck, the cause of action "does not accrue until the conviction or sentence has been invalidated." Ortiz-Lopez v. Fed. Bureau of Prisons, Dir., 830 F. App'x 127, 133 (5th Cir. 2020).

"[A]n inmate cannot bring a § 1983 claim for excessive use of force by a prison guard, if the inmate has already been found guilty for misconduct that justified that use of

7

force. But Heck does not bar a § 1983 claim for a prison guard's excessive use of force after the inmate has submitted and ceased engaging in the alleged misconduct." Aucoin v. Cupil, 958 F.3d 379, 381 (5th Cir. 2020).

When determining whether a claim is barred by Heck, the Court "may examine the prison disciplinary reports to understand the basis of the underlying conviction." Aucoin, 958 F.3d at 381.

### III. Analysis

Allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). That latitude, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981).

Flores has raised allegations of abuse, which could state a claim to relief if they were not barred by Heck v. Humphrey. Nevertheless, at this point in the proceedings, the dispositive fact is that Flores pled guilty to assault of a public servant. Under the Texas statute, Flores must have done one of the following to Ortiz: (1) "intentionally, knowingly, or recklessly" caused bodily injury, (2) "intentionally or knowingly" threatened Ortiz with "imminent bodily injury," or (3) "intentionally or knowingly" caused physical contact with Ortiz, while knowing or reasonably believing that Ortiz would "regard the contact as offensive or provocative." TEX. PENAL CODE § 22.01(a).

A civil judgment in this case in Flores's favor would necessarily imply that he did not commit the crime of assaulting Ortiz. On the other hand, his pleading guilty to the offense stands as an admission that he committed the offense. In short, his claims of excessive force are inseparable from and contrary to his underlying conviction.

The Fifth Circuit has held that "when a plaintiff's claim is based solely on his assertions that he ... did nothing wrong, and was attacked by the officers for no reason, that suit squarely challenges the factual determination that underlies his conviction and is

necessarily at odds with the conviction." Aucoin, 958 F.3d at 383 (cleaned up)[4]. In other words, if the factual narrative of the civil complaint is wholly at odds with the underlying conviction, the claim is barred by Heck until the conviction is overturned or called into question.

However, if the individual ceases the conduct that led to the underlying conviction and officers continue to engage in wrongdoing, then "the factual basis for the conviction is temporally and conceptually distinct from" the § 1983 claims and is not barred by Heck. Aucoin at 384.

In Aucoin, a prisoner claimed to have been assaulted by prison guards in his cell, the prison lobby, and the shower as an ongoing incident in a single day. Aucoin at 381. The prisoner received a prison disciplinary conviction for his conduct in the cell, but there was no allegation that he engaged in any misconduct in the lobby or showers. Id. The Fifth Circuit held that Heck barred the claim of assault in the cell, because it was inconsistent with his prison disciplinary conviction. Id. At the same time, the Court also held that Heck did not bar the claims regarding the assaults in the lobby or shower because there was no disciplinary conviction for his actions there, making them "discrete claims" from the claim regarding the incident in the cell. Id. at 384. The Fifth Circuit noted that the prison disciplinary hearing never found "that Aucoin was defiant or disobedient while in the showers or lobby. Had he been resisting _throughout_ the encounter, this would be a wholly different case." Aucoin at 384 n. 1 (emphasis original).

The present instance is that "wholly different case." As an initial consideration, Flores claims to have done nothing wrong and that he was attacked by the officers for no reason. Such a claim is inconsistent with his conviction. Aucoin at 383. Furthermore, the video of the incident demonstrates that Flores never stopped resisting and obstructing the

---

[4] "Cleaned up" is a parenthetical that signals to the reader that the author "has removed extraneous, non-substantive clutter such as brackets, quotation marks, ellipses, footnote signals, internal citations or made un-bracketed changes to capitalization," in order to make the quotation more readable, but has not altered the substance of the quotation. Na v. Gillespie, 2017 WL 5956773, at *3, 234 Md. App. 742, 174 A.3d 493 (Md. Ct. Spec. App. Dec. 1, 2017); see also Brownback v. King, -- U.S. ---, 141 S. Ct. 740 (2021) (using "cleaned up").

officers. He has not raised a claim that is "temporally and conceptually distinct from" the facts underlying his conviction. In short, Flores "has already been found guilty for misconduct that justified [the] use of force" by the Defendants. Aucoin at 381.

If Flores were to prevail at trial in this case, "he will have established that his criminal conviction lacks any basis." DeLeon v. City of Corpus Christi, 488 F.3d 649, 657 (5th Cir. 2007) (quoting Arnold v. Slaughter, 100 Fed. App'x. 321, 324 (5th Cir.2004) (unpublished)). Flores has not shown that his underlying conviction has been legally disturbed in any way, which means that his current case must be barred by Heck. The application of Heck dictates that his claims are not cognizable, regardless of any underlying factual merit to the claims. Hoog-Watson v. Guadalupe Cty., Tex., 591 F.3d 431, 434 (5th Cir. 2009).

Accordingly, this claim should be dismissed as being barred by Heck. The Fifth Circuit has stated that its "preferred" dismissal language is that "Plaintiff's claims are dismissed with prejudice to their being asserted again until the Heck conditions are met." DeLeon v. City of Corpus Christi, 488 F.3d 649, 657 (5th Cir. 2007).

In the event that Flores can demonstrate that his conviction has been reversed, expunged, or declared invalid, he can return to Court.[5]

**IV. Recommendation**

It is recommended that Flores's claims be dismissed with prejudice to their being asserted again until the Heck conditions are met.

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United

---

[5] To the extent that Flores is raising a claim that the Defendants were deliberately indifferent to his serious medical needs by delaying medical care, such a claim would not be precluded by Heck. However, "a delay in medical care violates the Eighth Amendment only if it is due to deliberate indifference and results in substantial harm." Smith v. Milhauser, 444 F. App'x 812, 813 (5th Cir. 2011) (unpublished) (citing Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). Under the facts pled by Flores, he was seen by medical personnel at the Old County Jail and was taken to the hospital within a few days after being transferred there. He has not alleged any facts showing that the delay itself resulted in substantial harm. Thus, he has not stated a claim upon which relief can be granted.

States District Judge. 28 U.S.C. § 636(b)(1).  A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. <u>Battle v. United States Parole Comm'n</u>, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a <u>de novo</u> review of the record before adopting these findings.  If the District Judge chooses to adopt such findings without conducting a <u>de novo</u> review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. <u>Alexander v. Verizon Wireless Servs., L.L.C.</u>, 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on June 2, 2021.

_____
Ronald G. Morgan
United States Magistrate Judge